CHARLES THACKER v. STATE.

No. A-73. Opinion Filed February 8, 1910.

(106 Pac. 986.)

1.     APPEAL — Review — Argument of Prosecutor. Remarks of the prosecuting attorney in his argument before the jury, objected to as improper, will be considered and construed in reference to the evidence, and in order to constitute reversible error the impropriety indulged in must have been such as may have influenced the verdict.

2.     CONDUCT OF COUNSEL—Improper Argument of Prosecutor— Practice. As a matter of good practice, when improper argument is indulged in by the prosecuting attorney, and an objection thereto is interposed, in addition to the objection the court should be requested to charge the jury to disregard such improper argument or statement.

3.	**CONDUCT OF COUNSEL — Argument of Prosecutor — Proper Scope.** A prosecuting attorney has the right in his argument before the jury to discuss all the facts bearing upon the issue within the scope of the evidence.

(Syllabus by the Court.)

*Appeal from Grady County Court; N. M. Williams, Judge.*

Charles Thacker was convicted of illegally selling intoxicating liquors, and he appeals. Affirmed.

Plaintiff in error, Charles Thacker, was convicted in the county court of Grady county of the crime of selling intoxicating liquors and sentenced to pay a fine of $150 and costs; that he be confined at hard labor in the county jail of Grady county, Okla., for a period of 30 days. The judgment and sentence was entered on the 15th day of October, 1908. From which judgment an appeal was taken by filing in this court on January 15, 1909, a petition in error, with case-made attached, and proof of service of notice that appellant appeals, upon the prosecuting attorney and the clerk of the county court of said county. The cause was submitted at the January, 1909, term, of this court.

But one witness, Dow Fisher, testified in behalf of the state. He testified that he lived 1½ miles south of Bradley, was acquainted with defendant, and on the 27th day of March, 1908, he went to Bradley. The record then recites:

"Q. Did you have any dealings with him on that date? A. Yes, sir; not exactly with him, but in a manner I did. Q. Go ahead and tell the jury exactly what dealings you had? A. I went to town and wanted to get some whisky, and I seen him, and asked him if he could get it, and Mr. Thacker told me he could get it. He told me to go around at the back of an old pool hall there that was closed up, but was run by Mr. Thacker at one time, and I went back there and laid down a dollar and picked up the whisky. Q. Was this where Mr. Thacker told you it was? A. Yes, sir. Q. Did Mr. Thacker tell you it was back there? A. Yes, sir."

On cross-examination the witness admitted that he stated to one Frank Marshall in his barber shop that the only dealings he ever had with Thacker in regard to any whisky was that he rode

on horseback with him, and took a bottle of whisky out of his pocket, and that Thacker did not want him to take this whisky; and that he went and tried to pay Thacker for the whisky, and that he refused to take the money, and explained this by saying: "Yes, sir; but I did not tell Frank Marshall all of my business."

Charles Thacker, the defendant, testifying on his own behalf, stated that:

"I never sold any whisky to Dow Fisher; that on or about the 27th of March, 1908, I got on a horse with Dow Fisher to ride up the hill, that I had a bottle of whisky in my pocket; that Fisher felt the whisky and said that he wanted it. I told him to leave the whisky alone, but he took it anyway; that Fisher afterwards offered to pay for it, and I told him that he did not owe me anything because I did not have the whisky for sale."

On cross-examination defendant admitted that he had been arrested for selling whisky in another case; that he was running a pool hall at Bradley since statehood, and was still in the same business and sold all drinks that are sold at any soda fountain, also Adam's Special.

Frank Marshall, for the defendant, testified that he was acquainted with the witness Fisher, and that he told him in his barber shop at Bradley that the only transaction that he ever had with the defendant was the time he took the bottle of whisky out of his pocket.

*A. L. Herr,* for appellant.—Citing: 12 Cyc. 574, 580; *Gilbert v. Commw.* (Ky.) 51 S. W. 804; *State v. Ferguson* (Mo.) 53 S. W. 427; *Bullard v. Railroad Co.* (N. H.) 5 Atl. 838; *State v. Prendible* (Mo.) 65 S. W. 559; *Williams v. United States,* 168 U. S. 380; *Buller v. State* (Tex. Crim. App.) 27 S. W. 128; *People v. Dane,* 26 N. W. 781; *Miller v. Territory,* 79 C. C. A. 268.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

DOYLE, JUDGE (after stating the facts as above). Two specifications of error are averred in the petition. The first is that "the court erred in refusing the request of the defendant

to have the official court stenographer report the statements made by the jurors on their examination, as to their qualifications to serve as jurors in said cause." The record discloses that, when the case was called, both parties announced ready, and the "attorney for defendant requests the court to have the official stenographer take down the examination of the jurors, which request was refused, and the court stated if there is any objection to any·juror the attorney ·may· have the same taken down and put into the record. To which defendant excepts."

It is urged that under section 5859, Snyder's St. 1909, this ruling of the court is reversible error, "without regard to the merits thereof." Said section provides:

"It shall be the duty of the 'court reporter to take down in shorthand, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses and the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence· of the stenographer or when his presence is required by such attorney,· shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down by the stenographer, or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to' the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

The assignment is without a shadow of merit. The record shows that there was no objection made to any member of the jury selected.

The second relates to alleged misconduct and prejudicial remarks made by the county attorney in his closing argument to the jury, as follows:

"Counsel for defendant stated that: (1) That if defendant had been a bootlegger, the state could certainly find more than one witness to prove the same. Why, gentlemen of the jury, the reason I did not introduce other testimony was, because I would

not be allowed to do so; I would not be permitted to prove other sales under the law. (2) We have the defendant here in the 'joint business.' He admits he has been in the joint business for a number of years, and after objection and exception had been taken by counsel to the above remark, the county attorney replied: 'Yes, you object; you put a cocklebur under a jackass' tail, and he will always squeal.' (3) The witness said that he took a bottle of whisky from the defendant, and that he afterwards offered to pay him for it, and I tell you, gentlemen of the jury, that this defendant knew that this man had been subpoenaed before the grand jury, and this case was set for trial, and of course this defendant was not going to take the money. (4) I say that it is my belief that he had this whisky, and that he sold it to this young man, and that he received the money for it. (5) They say that the prosecuting witness corroborates the defendant out of court, and that he told Frank Marshall that the only whisky transaction he ever had with the defendant was the time the whisky was taken out of defendant's pocket. Yes, gentlemen of the jury, there was a concocted scheme between the defendant and the witness Marshall to get the prosecuting witness to that barber shop and get that statement out of him. To which remarks of the county attorney the defendant then and there objected and excepted."

The first remark was proper in answer to the argument made by counsel for defendant.

The second remark was properly predicated upon the defendant's testimony. A prosecuting attorney in his argument has the right to draw such inferences or conclusions from the evidence as his reason may dictate, if warranted by the facts shown. As for the repartee indulged in, evidently the simile was more expressive than elegant, yet, while such conduct is not commendable and might deserve the rebuke of the trial court, it does not constitute reversible error.

The third remark was within the bounds of legitimate argument. A prosecuting attorney cannot be charged with misconduct in urging a theory as to defendant's acts or motive, where there is some evidence to support it.

The fourth remark being an expression of the opinion as to the guilt of the accused by the county attorney should be con-

strued as being an expression of his personal opinion as to the weight of the evidence, and was therefore not objectionable.

The fifth remark was not objectionable, as the county attorney has the right in his argument before the jury to discuss all the facts bearing upon the issue within the scope of the evidence.

As a matter of good practice, where improper remarks are made by the prosecuting attorney in his argument before the jury, when an objection thereto is interposed, and a ruling of the court invoked, the court should be requested to charge the jury to disregard such improper argument or statement.

In an elaborate argument covering 30 closely printed pages of this brief, counsel for defendant has collated the authorities in support of his contention. We cannot take the time to review these authorities, but our examination shows that as a rule each case turns on its own particularities. This court declared as a general rule in the case of *Reed v. State*, 2 Okla. Cr. 589, 103 Pac. 1042:

"The remarks of counsel must be considered and construed in reference to the evidence, and in order to constitute reversible error the impropriety indulged in must have been such as may have influenced the verdict."

It is our opinion that the defendant has had a fair and impartial trial.

The judgment of the county court of Grady county is therefore affirmed, with direction to cause the judgment and sentence to be carried into execution.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.