*John R. Wilson, T. S. Hawes,* for plaintiff.
*E. K. Wilcox, M. E. O'Neal,* for defendant.

---

## 10921. JENKINS *v.* THE STATE.

BLOODWORTH, J. 1. "In the absence of evidence to the contrary, it may be inferred that a liquor called for and delivered and paid for as whisky is whisky, and therefore an intoxicating liquor." *Tompkins v. State,* 2 *Ga. App.* 639 (58 S. E. 1111); *Lewis v. State,* 6 *Ga. App.* 779 (65 S. E. 842).

2. The special ground of the motion for new trial complains that the court erred in allowing in evidence the following: "I found some whisky there the next day. It was not in her house. It was in a car at the house. A man named Daniel of Eufaula had charge of the car." This testimony was objected to as "illegal and irrelevant." The court did not err in admitting it, as the fact stated therein was a circumstance which the jury would be authorized to consider in connection with the other evidence in determining as to the guilt of the accused. *Cole* v. *State*, 120 *Ga.* 485 (1) (48 S. E. 156); *Craig* v. *State*, 9 *Ga. App.* 233 (1) (70 S. E. 974).

3. There was ample evidence to support the verdict, which has the approval of the trial judge; no error of law appears, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 9, 1919.

Accusation of sale of liquor; from city court of Dawson—Judge Edwards. September 5, 1919.

*R. R. Marlin, Parks & Parks,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.