## MILTON H. GILBERT v. STATE.

No. A-3960.   Opinion Filed May 12, 1923.

(214 Pac. 936.)

(Syllabus.)

1. **Appeal and Error—Prejudicial Questions on Cross-Examination.** Where it is contended that the trial court erred in permitting the county attorney to ask defendant an incompetent, and prejudicial question on cross-examination, it must appear from the record that the question was asked for the evident purpose of taking an unfair advantage of defendant, by containing therein matter which the examiner knew to be untrue or else incapable of proof.

2. **Same—Harmless Error.** Although a question propounded to defendant on cross-examination may contain some objectionable subject-matter, the conviction will not be set aside because thereof, where the evidence of defendant's guilt is overwhelming.

3. **Statutes—Larceny Act not Unconstitutional Because no Reference to Punishment in Title.** The title to the act of the 1919 Legislature (section 2120, Comp. Stats. 1921), relating to the larceny of automobiles and automotive driven vehicles, held not in contravention of section 57, art. 5, Constitution.

Appeal from Distriit Court, Logan County; Edward Dewes Oldfield, Judge.

Milton H. Gilbert was convicted of larceny of an automobile, and he appeals. Affirmed.

John A. Remy, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Sp. Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from the district court of Logan county, wherein, on the 12th day of November, 1920, plaintiff in error, hereinafter referred to as defendant, was adjudged guilty of the larceny of an automobile, the property of G. W. Hirzel, and punishment assessed as above stated. Petition in error and case-made were filed in this court on

April 7, 1921, and the appeal is properly before the court for review.

Only two propositions are advanced as ground for reversal of this judgment. The first is error of the trial court in permitting the county attorney to propound to defendant on cross-examination the following question:

"Q. And further, don't you know as a matter of fact that you went to Oklahoma City on Saturday after you stole that car on Thursday, and don't you know you made application on Saturday for a tag for this very Hirzel car, giving a fictitious engine number, and that you already had the engine dismantled with the idea of changing the number to correspond with the application blank?

"By Mr. Remy: Object to the statement 'On Saturday after you had stolen the car' by the county attorney, and move for venire de novo.

"By the Court: Overruled, exception allowed."

It is contended that the asking of such question of defendant constituted grave misconduct on the part of the county attorney, and that the refusal of the trial court to sustain the objection of defendant's counsel thereto, and to declare a mistrial because thereof, entitles defendant to a reversal of this judgment and to a new trial.

After a careful examination of both the direct and cross-examination of the defendant, we fail to see wherein the asking of the foregoing question alone should be held reversible error in this case. Defendant's admissions as a witness, his attempted explanation of his connection with the stolen automobile, and his conduct immediately subsequent to the theft of the car, can hardly be explained on any theory consistent with innocence. These facts, admissions, and circumstances were all before the jury (elicited both by the direct and cross examination), at the time the foregoing alleged incompetent question was asked.

It does not appear from the record that the county attorney propounded the question for the purpose of prejudicing the jury against the defendant, nor to take an unfair advantage of the defendant by intimating something that was not true or incapable of being proved.

The truth of the assumption "after you stole that car on Thursday," contained in the question objected to, had been pretty thoroughly established by competent evidence before the question was asked. Such assumption therefore was not wholly unjustifiable; neither was the asking of the question manifestly improper.

With the overwhelming evidence of guilt contained in this record, it would be an unwarranted interference with the enforcement of the law and a prostitution of justice to remand this cause for a second trial, when an honest and intelligent jury could arrive at no other reasonable conclusion than that of the guilt of defendant.

If judgments of conviction, rightfully obtained under the law and the evidence, were to be set aside merely because the county attorney, in the heat of the trial, apparently without any malicious purpose, asked of defendant on cross-examination a question or two containing erroneous matter, an apparent miscarriage of justice would result, to the utter discomforture and discouragement of all law-abiding citizens and with it resultant and unnecessary additional burden to the taxpayer.

We do not understand that questions thus asked constitute such official misconduct that entitles a defendant to a new trial; on the contrary there must clearly appear an evident purpose on the part of the county attorney to take an unfair advantage of defendant by asking questions containing matter which he knew to be either not true or incapable of proof.

Such was evidently not the purpose of this question, and the alleged misconduct was not such as should result in a reversal of the judgment.

Further, it is contended that the trial court erred in instructing the jury that the minimum punishment for the larceny of an automobile was "by confinement in the state penitentiary for not less than five years." The information is based on section 2120, Comp. Stats. 1921 (Sess. Laws 1919, p. 155, § 1), and it is contended that, as the title to the act makes no reference to punishment, the act is void as in contravention of section 57, art. 5, Const. This contention has been decided adversely to counsel's position in two recent cases: Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

Judgment affirmed.

DOYLE and BESSEY, JJ., concur.