RAY CARR et al. v. STATE.

No. A-6779. Opinion Filed June 8, 1929.
Rehearing Denied June 15, 1929.
(277 Pac. 1038.)

Brown Moore and Guy L. Horton, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Payne county on the charge of grand larceny and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The defendant in his brief argues but one question, prejudicial remarks, statements, and arguments of the county attorney. The record discloses that in the opening argument the county attorney made the following statement: "Any man who would believe their story is a friend to the outlaw. By Mr. Moore: The defendants except to the statement." While the defendants objected to the foregoing statement of the county attorney, they made no motion to the trial judge that the jury be instructed

to not consider said remarks. This court has repeatedly held that in order to have alleged improper remarks reviewed by this court where the same are not fundamentally erroneous, it is necessary for counsel not only to object to such remarks, but also to move that they be excluded from the consideration of the jury.

In the case of Thacker v. State, 3 Okla. Cr. 485, 106 Pac. 986, this court in the syllabus said:

"As a matter of good practice, when improper argument is indulged in by the prosecuting attorney, and an objection thereto is interposed, in addition to the objection the court should be requested to charge the jury to disregard such improper argument or statement."

"Remarks of the prosecuting attorney in his argument before the jury, objected to as improper, will be considered and construed in reference to the evidence, and in order to constitute reversible error the impropriety indulged in must have been such as may have influenced the verdict."

"A prosecuting attorney has the right in his argument before the jury to discuss all the facts bearing upon the issue within the scope of the evidence."

The evidence was that both of the defendants had previously been convicted of a felony and had served a term in the penitentiary. The evidence also showed that the state's witness, Fred Broadhead, had twice been convicted of felony and had served terms in the Oklahoma penitentiary. The use of such term could not have seriously prejudiced either one. This court has repeatedly held that the argument of the county attorney must be grossly improper and unwarranted and upon some point which injuriously affected the defendant's rights. Tapedo v. State, 34 Okla. Cr. 165, 245 Pac. 897.

The defendants were assessed the minimum punishment by the jury, so that it cannot be said that this alleged prejudicial remark in any way inflamed the jury to the extent of an excessive punishment. The remarks of the prosecuting attorney in his argument will be considered and construed in reference to the evidence; and in order to constitute reversible error the impropriety indulged in must have been such that it may have influenced the verdict. Allen v. State, 13 Okla. Cr. 395, 164 Pac. 1002, L. R. A. 1917F, 210.

The defendants complain of other errors, but an examination of the record discloses that they are without any merit. The evidence being sufficient to support the verdict of the jury and no sufficient errors of law appearing upon the record to justify a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.