## J. G. GOLDING v. STATE.

No A-6769.   Opinion Filed October 5, 1929.
(281 Pac. 322.)

434

Clark Nichols and Jack Nichols, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.    J. G. Golding, plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county of having possession of intoxicating liquor with intent to sell the same, and was sentenced to pay a fine of $500 and to be imprisoned in the county jail for six months.  The sheriff, having a search warrant, visited the home of the defendant, and found 3 1-2 gallons of whisky in a bedroom in half-gallon fruit jars.  The defendant admitted having possession of this whisky, claiming that he had taken it as part payment on a note due him from a farmer, and denied that he had sold any part of the liquor, or intended to sell the same.

The defendant first contends that the court erred in admitting incompetent and irrelevant evidence to go to the jury over his objections.  The defendant on direct examination, admitted that he had possession of this whisky for about 15 days, claiming to have taken it from a farmer as part payment on a note the farmer owed him. The county attorney asked some improper questions, which were objected to and sustained by the court.

The defendant having taken the witness stand and admitted possession of the whisky, and attempted to ex-

plain what he intended to do with it, the state, on cross-examination, had a right to inquire if he did not get this whisky some other place, and if he did not intend to dispose of the same in violation of law.

"When a witness voluntarily takes the witness stand in his own behalf, he becomes a witness on cross-examination, subject to all the rules applied to other witnesses." Queen v. State, 23 Okla. Cr. 147, 212 Pac. 1021; Gilbert v. State, 23 Okla. Cr. 352, 214 Pac. 936; McNeill v. State, 18 Okla. Cr. 1, 192 Pac. 256; Whitlow v. State, 24 Okla. Cr. 307, 218 Pac. 162.

The defendant next complains that the court erred in permitting the state to inquire if the defendant had not pleaded guilty to a crime involving moral turpitude, viz., outraging public decency. In Donahue v. State, 38 Okla. Cr. 87, 259 Pac. 179, this court said:

"Where a defendant testifies in his own behalf, for the purpose of affecting his credibility as a witness, he may be asked on cross-examination, if he has prior thereto, been convicted of any offense."

The defendant on cross-examination admitted that he had pleaded guilty to a charge, but claimed he did not remember what the charge was. This evidence was properly admitted, for the purpose of affecting the credibility of the witness.

The defendant next complains that the court erred in refusing to give plaintiff in error's requested instructions Nos. 1 and 2. An examination of the instructions given by the court reveals that the instructions asked for by the defendant were covered by the general instructions of the court. The instructions as a whole fairly state the law of the case, and it was not error for the trial court to refuse to give the instructions requested by the defendant.

The defendant next contends that the court erred in refusing to permit the defendant to cross-examine the sheriff, for the purpose of showing that the affidavit for the search warrant was actually made on information and belief, although it purported to be made from personal knowledge. In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained."

Where the facts stated in an affidavit are sufficient to show probable cause, the court should not permit the defendant to inquire into the accuracy or source of affiant's information, nor of the means by which it was obtained; and the defendant should not be permitted to show that the statements in the affidavit were untrue.

The defendant next complains that the court erred in rejecting evidence offered by the defendant. The defendant had testified that he took the whisky as part payment on a note due him from a farmer. Defendant's counsel then asked him, "Q. Why did he give you the whisky on the note?" The state objected and the court sustained the objection. Defendant's counsel then asked him: "Q. Was that in part or in full payment of what he owed on the note?" The state objected, and the court sustained the objection. It was entirely immaterial why the farmer sold the defendant the whisky involved in this case. The defendant admitted the ownership and possession of it; the quantity was sufficient to make a prima facie case; it was then incumbent upon the defendant to

rebut this prima facie case, but the evidence offered had no tendency to rebut that presumption, and was therefore properly excluded by the court.

The defendant next complains that the county attorney was guilty of misconduct to the prejudice of defendant. In the case of Carr v. State, 43 Okla. Cr. 271, 277 Pac. 1038, this court said:

"In order to have alleged improper remarks reviewed by this court, where the same are not fundamentally erroneous, it is necessary for counsel, not only to object to such remarks, but also to move that they be excluded from consideration by the jury."

Defendant caused the objectionable remarks of the county attorney to be taken in shorthand and incorporated in the record. The record shows that the defendant objected to the remarks, and that some of his objections were sustained, and the court finally cautioned the county attorney to keep within the record; but it nowhere appears that the defendant moved the court to exclude such remarks from the consideration of the jury.

The county attorney, in his zeal to secure a conviction, did ask the defendant improper questions on cross-examination, and did overstep the bounds of propriety in arguing the case. Since the defendant admitted the possession of the liquor, and since the quantity was sufficient to make a prima facie case, and there was no rebuttal of this presumption, the jury could have done nothing less than find the defendant guilty; but the misconduct of the county attorney may have resulted in fixing the penalty at a fine of $500 and imprisonment in the county jail for six months.

Section 2822, C. O. S. 1921, provides:

438

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Since the evidence shows the defendant to be guilty beyond a reasonable doubt, we are affirming the judgment; but, because of the misconduct of the county attorney in the prosecution of the case, the punishment is reduced to a fine of $50 and imprisonment in the county jail for 30 days. As modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.