## RALPH FOSTER et al. v. STATE.

No. A-6808. Opinion Filed Oct. 19, 1929.
Rehearing Denied Nov. 8, 1929.
(281 Pac. 810.)

Sam S. Gill, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error hereinafter called defendants, were convicted in the county court of Oklahoma county on a charge of having unlawful possession of a whisky still, and their punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days for each of them.

In the case at bar, the information charged the defendants with possession of a whisky still on the 20th day of April, 1927, in Oklahoma county, Okla. In case No. A-6809, 281 Pac. 811, the defendants were charged with the illegal possession of 17 gallons of whisky on the 20th day of April, 1927, in Oklahoma county, Okla. Both charges arose out of the arrest of the defendants by the same officers. By agreement of the state and the defendants, both cases were tried at the same time to the same jury on the same evidence, and the record in each case is identical. The jury returned four verdicts, two against each defendant, and the court entered four judgments and sentences of 30 days' imprisonment and $50 fine against each of the defendants in the two cases. By agreement of the state and the defendants, the court instructed the jury orally.

The defendants complain that the county attorney committed reversible error in arguing prejudicial matters not within the record. In Carr v. State, 43 Okla. Cr. 271, 227 Pac. 1038, this court said that it would not consider alleged prejudicial remarks of the county attorney where the defendants failed to move the court to instruct the jury not to consider such remarks, unless the remarks were fundamentally erroneous. No request was made by defendants to withdraw the remarks from the jury, and,

the same not being fundamentally prejudicial, the error complained of is without merit.

The defendants next contend that the county attorney committed prejudicial error in arguing defendants' reputation to the jury, the same not having been put in issue by the defendants. In his argument, the county attorney said,

"Defendants are honest and have high reputations among their fellow citizens—you can tell that by the number of witnesses they have brought here to testify."

The remarks of the county attorney upon their face are not such an attack upon the reputations of the defendants as would justify a reversal of this case.

Finally the defendants contend that the court erred in improperly instructing the jury on accomplices and the necessary corroboration thereof. J. S. Coleman, a witness for the state, testified that he lived on the farm where the still was found and that he had been operating it, making the whisky for the defendants in this case, that, when the whisky was made, the defendants came to the farm and took it away in their car, and that the defendants said they would pay witness and his wife $50 a month while the witness was in jail if he would plead guilty to the charge, and that they would pay the grocery bill while he was in jail. Mrs. J. S. Coleman testified that she was the wife of J. S. Coleman, and that she objected to her husband making liquor and using the still when it was brought out; that the defendants brought the still to the farm and set it up and aided her husband in making the liquor. Margaret Coleman, a 12 year old daughter, testified that the defendants brought the still, and that she had been there while they operated it, taken them some water, and ran down and broke the whisky when the officers came.

Norman Coleman testified that he was 16 years old, the son of J. S. Coleman; that the defendants brought the still out to the place and he helped unload it and carried parts of it around.

The defendants contend that Mrs. J. S. Coleman, Margaret Coleman, and Norman Coleman were accomplices of J. S. Coleman and the defendants, and that their evidence must be corroborated before a conviction could be had. It is clear from the record that neither the wife nor the minor children were culpably engaged in the manufacture of liquor. The evidence disclosing that the wife objected to the manufacture of liquor on the place and the part the children played was only the part a child would naturally play under the direction or coercion of their father.

The instructions of the court fairly stated the law applicable to the case. Defendants complain of other alleged errors, but they are all without merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.