## JOHNNIE GEE v. STATE.

No. A-8317. June 11, 1932.
(12 Pac. [2d] 547.)

W. A. Ratterree and J. Hugh Nolen (F. E. Sides, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

It is first contended that the defendant is entitled to a new trial on account of misconduct of the county attorney in the cross-examination of defendant and his alibi witnesses.

Defendant had testified that he had never carried a gun in his life. On cross-examination, the county attorney asked him if he was ever arrested for carrying a gun. He answered that he was arrested with a gun once. He was then asked if at the time he was arrested he was not pointing this gun at policeman Gaines. Defendant said he was carrying a pistol, but not aiming it at anybody. When the county attorney sought to follow the subject further, the court sustained defendant's objection.

The county attorney did submit the alibi witnesses to searching cross-examination, some of them particularly with reference to their associations and to prior convictions. This court has held that the state has a right to ask this kind of questions. Musgraves. v. State, 3 Okla. Cr. 421, 106 Pac. 544; Terry et al. v. State, 7 Okla. Cr. 430, 122 Pac. 559; Fowler v. State, 8 Okla. Cr. 130, 126 Pac. 831; Irvine v. State, 10 Okla. Cr. 4, 133 Pac. 259; Phillips v. State, 20 Okla. Cr. 415, 203 Pac. 902; Greenwood v. State, 51 Okla. Cr. 74, 299 Pac. 248.

This court will not reverse a case for the asking of improper questions, either of the defendant or his witnesses, unless the impropriety indulged in may have wrongfully influenced the verdict. Relf v. State, 44 Okla.

Cr. 239, 280 Pac. 851; Hager v. State, 47 Okla. Cr. 132, 286 Pac. 815.

It is next contended that the county attorney was guilty of misconduct in his argument to the jury. An examination of the record discloses that the matters complained of in the argument were not such as could have in any wise influenced the verdict of the jury.

In Thacker v. State, 3 Okla. Cr. 485, 106 Pac. 986, this court said:

"Remarks of the prosecuting attorney in his argument before the jury, objected to as improper, will be considered and construed in reference to the evidence, and in order to constitute reversible error the impropriety indulged in must have been such as may have influenced the verdict."

To the same effect are: Morgan v. State, 9 Okla. Cr. 22, 130 Pac. 522; Lewis v. State, 39 Okla. Cr. 119, 263 Pac. 473; Crowell v. State, 42 Okla. Cr. 392, 276 Pac. 518; Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665; Robinson v. State, 44 Okla. Cr. 189, 280 Pac. 1112.

Some complaint is also made as to the argument of the county attorney on the effect of fear on the human mind, and as to the nonappearance of the witness McElvaney. The fact that the jury assessed the minimum punishment in the case at bar is an answer to the argument of defendant's counsel that the misconduct of the county attorney produced a prejudicial effect upon the minds of the jury. At a former trial, another jury gave J. B. Payne, an accomplice of defendant and the man who drove the car up to the bank when the robbery was committed, 25 years in the penitentiary, while the jury in the case at bar, under stronger evidence, only gave the defendant,

who held the gun and actively participated in the robbery, five years in the penitentiary.

Contention is also made that the trial court committed reversible error in not dismissing the jury at the time they reported and stated they had not reached a verdict.

The only reference to this proceeding is found at page 313 of the record, and reads as follows:

"Mr. Ratterree: The defendant excepts. Comes now the defendant and moves the court to declare a mistrial in the above case for the reason that on yesterday when the jury came in to make a report and being asked by the court how they stood as to numbers, the foreman, in the presence of the court in open court, stated that they stood nine for conviction and three for acquittal, and that the secrecy of the jury having been thus publicly made, defendant asks the court to discharge the jury for said reason and to declare a mis-trial and set this matter for trial at some future term of court"—which objection and motion was overruled by the court.

There is nothing in the record, aside from the statement of defendant's counsel that the jury was brought into court, polled by the court, or made any such statement as claimed by counsel in his motion.

In order for this court to inquire into alleged errors, they must be affirmatively shown in the record. Every presumption must be indulged in favor of the regularity of the proceedings in courts of record. Price v. State, 5 Okla. Cr. 147, 113 Pac. 1061; Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620; Bird v. State, 40 Okla. Cr. 80, 267 Pac. 281.

No contention is made that the evidence is insufficient to support the verdict of the jury, but a reversal is

sought solely upon matters which in themselves are not sufficient to require a reversal of the case.

The cause is therefore affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.