## IKE A. FOWLER v. STATE.

No. A-10384. March 21, 1945.

(157 P. 2d 222.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Ike Fowler, was charged in the county court of Stephens county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50, and has appealed.

Two assignments of error are presented in defendant's brief, to wit: (1) Misconduct of the county attorney in his closing argument to the jury which prejudiced defendant's substantial rights. (2) The verdict is not sustained by the evidence and is contrary to the law. We shall consider these two assignments together.

The evidence shows that two officers of Stephens county armed with a search warrant for the car of defendant saw defendant driving his automobile in the city of Duncan, on May 30, 1942. They stopped his car, searched it, and found one pint of whisky hidden in a secret built-in compartment up under the dash board. No evidence was offered on behalf of the defendant.

We have examined the argument complained of and it is our opinion that it was not such as unduly influenced the verdict of the jury. Here the guilt of the defendant is apparent. Under the record, no juror with any regard for his oath could do other than return a verdict of guilty. Since the jury assessed only the minimum punishment, the argument of the county attorney evidently did not develop any passion or prejudice in the minds of the jurors. For that reason, it is our opinion that although some of the argument may have been outside of the record and there-

fore improper that, under the facts herein, it is harmless error. Gee v. State, 53 Okla. Cr. 383, 12 P. 2d 547; Robinson v. State, 44 Okla. Cr. 189, 280 P. 1112.

In connection with the second assignment of error, it is argued that since one of the officers who made the search could not identify the bottle of whisky produced by the county attorney with the other officer's signature appearing thereon, that the evidence was insufficient to support the verdict. The other officer whose name appeared on the whisky bottle had joined the Navy before the time of trial and was not a witness. The officer who did testify said that they took a pint bottle of whisky with a green label from defendant's car; that the government seal on the bottle had not been broken; that the liquid was labelled "whisky" and the witness stated that in his opinion the pint of whisky submitted by the county attorney was the identical whisky taken from defendant's car.

As to whether the liquid seized on that occasion was whisky as alleged in the information, the proof could be made by circumstantial as well as by direct evidence. The fact that the liquid was in a pint bottle with an unbroken government seal, that it was red in color and had the appearance of whisky and was labelled "whisky" was a sufficient showing that the liquid transported by the defendant was whisky, and in the absence of any proof offered on behalf of defendant, was sufficient to sustain the conviction.

A careful reading of the entire record discloses no errors of sufficient importance to justify a reversal of the judgment of conviction. The judgment of the county court of Stephens county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.