GRACE HOLLAND, Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*September* 28, 1954.)

SOUTHERLAND, Chief Justice, BRAMHALL, Justice, and SEITZ, Chancellor, sitting.

*A. James Gallo* for appellant.

*Edmund N. Carpenter, II*, Deputy Attorney-General, (*H. Albert Young*, Attorney-General, with him on the brief), for the State.

Supreme Court of the State of Delaware, No. 15, 1954.

SOUTHERLAND, C. J.:

Defendant was convicted in the Municipal Court of the City of Wilmington for selling beer without a license. On appeal to the Superior Court the case was heard *de novo* by a judge without a jury. She was again convicted, and again appeals.

The only question of consequence presented by this appeal is whether there was sufficient evidence that the bottle purchased contained beer. The facts are these:

At about two-thirty o'clock in the morning of October 17, 1953, Odel Mitchell went to defendant's home in the City of Wilmington. According to his testimony he asked the defendant for a bottle of beer. Defendant told another woman who was also present to get him the beer. The other woman brought the beer and handed it to Mitchell. Mitchell gave her a dollar. She handed the money to defendant and either the defendant or the other woman returned the change. The price was thirty-five cents.

Mitchell took the bottle to his car. Police officers had seen him go into defendant's house and come out. They took the bottle from him. The bottle was capped and bore the label of one of the standard brands of beer. Later the bottle was lost or mislaid before trial. Its contents were never tested or analyzed.

Defendant says that this evidence, as proof of the contents of the bottle, was circumstantial. Circumstantial evidence to establish a fact in issue must, says the defendant, be inconsistent with any other rational conclusion. This is an elementary rule, repeatedly announced by our courts. The defendant says that it is a reasonable conclusion from the evidence that the

defendant or some one élse might have emptied the bottle and put another liquid into it. We do not agree. When one buys a beverage of any kind and pays for it, and the container is capped and is labelled as are bottles of standard brands of that beverage, it is quite unreasonable to suppose that it is not what it purports to be. To buy a bottle of beer and find colored water or some other liquid in it must be a rare occurrence indeed. The possibility is so remote as to justify any jury (or judge, as here) in holding it an unreasonable supposition, in the absence of evidence reasonably justifying such a conclusion.

It is the general rule that such facts as appear here make out a *prima facie* case that the beverage purchased was in fact that which it was represented to be. They are enough to sustain a conviction in the absence of such evidence. 48 *C. J. S., Intoxicating Liquors,* § 371, *pp.* 548, 552; *Thompson v. State,* 115 *Tex. Cr. R.* 519, 28 *S. W.* 2d 151; *Jenkins v. State,* 24 *Ga. App.* 542, 101 *S. E.* 691; *Hawkins v. State,* 142 *Tenn.* 238, 218 *S. W.* 397; *Fowler· v. State,* 80 *Okla. Cr.* 86, 157 *P.* 2d 222. To say that these circumstances make out a *prima facie* case that beer was in the bottle is to say that, taken at their face value, they satisfy any rule relating to the sufficiency of evidence (*cf.* 9 *Wigmore on Evidence,* § 2494), including the rule here invoked. The judge so concluded, and we think he was right. No controverting evidence was offered, and the conviction must stand.

Defendant attempts to argue that the evidence of defendant's participation in the sale is circumstantial. This we cannot follow. As appears above, it was direct.

The judgment is affirmed.