Franklin L. VALENTI, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13380.

Court of Criminal Appeals of Oklahoma.
Feb. 19, 1964.

Rehearing Denied May 13, 1964.

Valdhe F. Pitman, Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

This is an appeal from the Superior Court of Comanche County, wherein on January 31, 1963 a jury returned a verdict finding the plaintiff in error, hereinafter referred to as defendant, guilty of burglary in the second degree, and fixed his punishment at four years in the State Penitentiary.

Motion for new trial was duly filed and overruled, and on February 20, 1963 judgment and sentence was entered in keeping with the verdict of the jury. Defendant has perfected his appeal to this Court.

The defendant was charged with having broken into and forcibly opened one cigarette vending machine located in the cabana of the Hotel Lawtonian, in Lawton, on the night of October 25, 1962, and taking therefrom an undetermined amount of money. The case was assigned for trial on the jury docket of the Superior Court for January 31, 1963, and trial was had on that date. We might state here that the attorneys who represented this defendant in this Court did

not represent him in the trial of his case in the lower court.

Only one proposition is advanced as grounds for reversal of this judgment and sentence. That is, misconduct of the county attorney. No question is raised with reference to the information, the sufficiency of the evidence, or the instructions given by the court.

It is stated by counsel for defendant, and we are sure the statement is correct, that the county attorney of Comanche County at the time of the trial of this case was a retired Colonel of the United States Army.

The defendant, whose home was and is in Oklahoma City, Oklahoma County, appeared for his trial in Lawton, Comanche County, wearing the uniform of a bandman of the 45th Infantry Division, Oklahoma National Guard.

Defendant first complains of the cross-examination of this defendant concerning his wearing the National Guard uniform at his trial.

On direct examination defendant testified that "night before last" he had played with the band in front of a movie theatre in Oklahoma City for about an hour for the show "The Longest Day". That he then caught a bus from the armory for Lawton. That he was in uniform at the time, and had been in Lawton since, and had had his uniform cleaned and pressed since his arrival there.

The County Attorney questioned him at length concerning his reason for appearing for his trial in the uniform, and his legal authority to wear it at that time.

On direct examination the defendant had admitted that he had served two terms in the penitentiary, one in Arkansas for burglary; and one in California where his sentence was 2 to 20 years; that he was in the Army at Fort Chaffee, in Arkansas and received an undesirable discharge for falling asleep while on guard duty, but later got that straightened out and received an honorable discharge, and that he "joined the Oklahoma National Guards on an honorable discharge." He stated that the uniform he was wearing at the trial was the one issued to him by the Oklahoma National Guards in Oklahoma City.

It is contended that the cross-examination of the defendant concerning his authority to wear the uniform when not on duty, when in a court of law, and when he had been twice convicted of a felony, constituted grave misconduct on the part of the county attorney, and that the refusal of the trial court to sustain the objections of defendant's counsel thereto entitle defendant to a reversal of the judgment, and to a new trial.

Defendant's counsel was very zealous in protecting defendant's rights, but after a careful examination of both the direct and cross-examination of the defendant, we fail to see wherein the cross-examination alone should be held reversible error in this case, especially in view of the fact, as stated by the Attorney General, that defendant himself initiated these circumstances by appearing in uniform, and by testifying concerning his military services, activities and background, in his own direct examination. It does not appear from the record that the county attorney propounded the questions for the purpose of prejudicing the jury against the defendant, nor to take an unfair advantage of the defendant by intimating something that was not true or was incapable of being proven. We do not understand that the questions asked constituted such official misconduct that entitles this defendant to a new trial. There must clearly appear an evident purpose on the part of the county attorney to take an unfair advantage of a defendant by asking questions containing matter which he knows to be either not true or incapable of proof. Such was evidently not the purpose of this questioning, and the alleged misconduct was not such as should result in a reversal of the judgment and sentence. Gilbert v. State, 23 Okl.Cr. 352, 214 P. 936; Gee v. State, 53 Okl.Cr. 383, 12 P.2d 547.

Finally, defendant complains that the argument of the county attorney in referring to defendant's former convictions of

felonies was prejudicial, stating that this Court has held that previous convictions may be shown for one purpose only—to show defendant's credibility as a witness, and in support thereof quotes from Fox v. State, Okl.Cr., 321 P.2d 445, wherein this Court said:

"Where evidence of a previous conviction unrelated to the crime with which the defendant is charged *is brought out on cross examination,* the jury should be instructed that such evidence can only be considered for the purpose of affecting the credibility of the witness."

We would call attention to the fact that defendant's previous convictions were first brought out by his own counsel, and defendant's counsel herein states: "The trial court did, in the instant case, give the instruction necessary under these conditions." But he complains that the court permitted the county attorney to comment on defendant's previous convictions in a manner totally inconsistent with his own instructions on this matter, over the defendant's objections.

■ This Court has many times held, as stated by Judge Nix in McMahan v. State, Okl.Cr., 354 P.2d 476:

"Defendant must not only object to improper statements of prosecutor in his argument to jury, but must go further and move the court to exclude such remarks from jury and instruct them not to consider them for any purpose unless the remarks are of such character that the error could not be cured by a withdrawal of remarks."

And see Grimes v. State, Okl.Cr., 365 P.2d 739; Peters v. State, 71 Okl.Cr. 175, 110 P.2d 300; Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927.

The record before us shows only the following statement with reference to the argument of the county attorney: " * * * after which [reading the instructions to the jury] Mr. Chester Silvers makes opening argument to jury, and during which he made the following statement :". The statements made and objected to were entirely with reference to defendant wearing the uniform in court, and no mention was made with reference to any argument concerning defendant's prior convictions.

■ In view of the record in this case, we are of the opinion that the jury was not unduly prejudiced in their verdict by reason of the closing argument of the county attorney.

■ In Kennamer v. State, 59 Okl.Cr. 146, 57 P.2d 646, we said:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

See also Hathcox v. State, supra.

The statement made by the prosecutor was hard, but we cannot say that such was wholly improper and unauthorized by the evidence and the facts. Certainly they did not constitute reversible error under this record.

We have carefully examined the entire record. Although his counsel ably defended this defendant in the trial court, and different counsel filed a good brief and appeared and argued the case in this Court, they do not have any reasonable basis that would authorize or justify an appellate court to reverse the conviction.

The judgment is affirmed.

BUSSEY and NIX, JJ., concur.