RAFAEL RAYMOND SMITH, Appellent, v. STATE OF DELAWARE, Appellee.

*(October* 15, 1965)

WOLCOTT, C.J., and CAREY and HERRMANN, JJ., sitting.

*Henry A. Wise, Jr.,* and *Michael F. Tucker,* for appellant.

*F. L. Peter Stone,* Deputy Atty. Gen., for appellee.

Supreme Court of the State of Delaware, No. 43, 1965.

HERRMANN, Justice:

After jury trial, the defendant was convicted in the Superior Court of grand larceny of cigarettes from a retail food market. The question presented on this appeal is whether there was evidence of

a felonious taking sufficient to support the verdict. The undisputed facts are these:

At about 3:00 P.M. on July 10, 1964, the defendant emerged from an Acme Market in a merchandise mart near Wilmington, pushing a shopping cart which contained three cigarette boxes. The defendant had reached the parking area when he was approached by the store manager who knew the defendant and had become suspicious. When asked about the boxes, the defendant abandoned the cart and boxes, ran the full length of the merchandise mart parking area away from his automobile, and disappeared. Later, the defendant returned to his automobile and drove away. Of the three boxes, one was found to be empty and the other two contained 54 cartons of cigarettes—540 packages. There was evidence that the cigarettes were owned by the Acme Market and had a value of $125.28. There was no direct evidence, however, to negative a purchase of the cigarettes by the defendant.

The defendant says that the evidence, as proof of a felonious taking, was circumstantial and insufficient to establish a *corpus delicti* and to support the jury's verdict. We do not agree.

Circumstantial evidence, to establish an essential element of an offense, must be inconsistent with any other rational conclusion. *Holland v. State*, 9 Terry 559, 107 A.2d 920 (1954). In effect, the defendant is stating that it is reasonable to conclude from the evidence that he might have purchased the 540 packages of cigarettes, or obtained them in some other lawful way with the owner's consent.

We think either possibility is too remote to make it a reasonable supposition, in the absence of some evidence reasonably justifying the conclusion. A single purchase of 540 packages of cigarettes in a retail food market must be a rare occurence indeed—even for a heavy smoker; and flight and escape are not at all consistent with the status of customer. We think it unreasonable to suppose that the defendent purchased the cigarettes. It is equally unreasonable to suppose, under the circumstances of this case, that this quantity of cigarettes was

delivered to the defendant with the owner's consent in any other type of transaction.

We conclude that, although circumstantial, the evidence here is inconsistent with any rational conclusion other than that of guilt and that, therefore, the evidence is sufficient to support the verdict.

The defendant did not raise the subject question below. We have reviewed the matter, nevertheless, since the defendant asserts the basic and fundamental error of failure to establish an essential element of the crime. *Wiggins v. State,* Del., 210 A.2d 314 (1965).

The defendant's position being without merit, the judgment below is affirmed.