George Eldon VAUGHN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16835.

Court of Criminal Appeals of Oklahoma.

May 24, 1972.

W. M. "Bill" Thomas, Pryor, Oklahoma, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kay Karen Kennedy, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

George Eldon Vaughn, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Mayes County, Oklahoma, for the offense of Assault with Intent to Kill; his punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to give a detailed statement of facts as the same was set forth in the companion case of Vaughn v. State, Okl.Cr., 489 P.2d 507. Suffice it

to say that at approximately 11:00 p.m. on December 19, 1969, Ronnie Dixon picked up his wife at the Grand Valley Hospital in Pryor. His wife was wearing a black and white checked coat. As they approached the trailer court where they lived, Dixon observed a car following them. The car pulled up behind them, stopped, and a person whom Dixon identified in court as the defendant, got out of the car, opened the door to his car and started shooting inside Dixon's vehicle. Two bullets struck his wife, Alice, and one bullet hit the dashboard. He attempted to reach for the gun but was unable to reach it. He got out of his car and started around to the back of the car and the defendant shot him in the abdomen. He and the defendant struggled and he was shot the second time in the stomach. He was able to get the gun away from the defendant and held him down until help arrived. He testified that he had never seen the defendant prior to the time he was attacked. Two neighbors identified the defendant as being the person at the scene. Dixie Vaughn, the defendant's ex-wife, testified that she worked at the Grand Valley Hospital with Alice Dixon and, on the evening in question, was wearing a black and white checked coat. She left the hospital a few minutes after 11:00 o'clock. The defendant testified that he left California the day before the shooting and had driven straight through to Oklahoma. He had consumed four beers and approximately sixteen Benzadrine tablets. He testified that he did not remember shooting anyone and the first recollection that he had was someone shining a flashlight in his face.

■ The first proposition asserts that the jury panel was improperly drawn and thereby an incompetent and invalid jury panel. Defendant in his brief sets forth a court minute in another case whereupon the Sheriff disqualified as to the drawing of the jury panel and the trial court directed the County Clerk, the District Judge, and the Court Clerk to proceed with the drawing of the jury panel. This question was first raised by the defendant on the day of trial when he made the following motion:

"For the purposes of the record, and in regard to this case, I would like to proceed first as to challenging the jury panel as a whole. It is our understanding that under Title 29 [38], Section 561 [18], that the Sheriff is a part of the body that constitute the drawing of the jury panel, or one of his deputies. It is my understanding that this panel was entered into, before it was drawn, a proceeding was had where an attorney for the Sheriff, uh, for the defendant who is the Sheriff functioned for the Sheriff and that the Court agreed with this and as a result thereof appointed the County Clerk of Mayes County, of the State of Oklahoma to participate in the drawing of the jury panel. This defendant in regards to that matter did not agree to any substitution for the Sheriff of Mayes County when the Statute says when he can't participate the undersheriff shall fulfill the duties of the Sheriff and the entire office was disqualified by agreement, among the State and the defendant to the Sheriff's case but not to the defendant in the cause here at this action and we feel this is in violation of the Statute in regard to the defendant here in the case to be tried at bar." (Tr. 3-4)

The Record does not reflect that a hearing was requested by the defendant nor was a hearing conducted. In Shapard v. State, Okl.Cr., 437 P.2d 565, we stated:

"Although the defendant alleges that the Motion to Quash was called to the attention of the court, we have carefully examined the record and are unable to find anything which would support this contention. This motion was filed on the day that jury selection began and had defendant *wished to urge the motion he should have called it to the attention of the court prior to the selection of the jury and requested a hearing thereon, presented evidence and argument, and excepted to the ruling of the court.* [Emphasis added.]

"Title 38 O.S. § 29 provides in part:

'* * * A substantial complliance with the provisions of this Chapter [the calling of juries], shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing, and summoning or empaneling the same, resulted in depriving a party litigant of some substantial right; provided, however, that such irregularity must be *specifically presented to the court* at or before the time the jury is sworn to try the cause.' (Emphasis supplied.)

"The failure of the defendant in the instant case to specifically present this motion to the court prior to the selection of the jury constituted a waiver or abandonment of the same and cannot be considered on appeal."

Although this proposition is improperly before this Court, we further observe that the defendant has not shown that he was prejudiced by the alleged improper empaneling of the jury panel as required by this Court in Porter v. District Court of Oklahoma County, Okl.Cr., 462 P.2d 338. We, therefore, find this proposition to be without merit.

 The second proposition contends that "questions asked by the State of Oklahoma of the petitioner in Error's ex-wife as to threats on her life was an intent to improperly and prejudicially establish dangerous potential of the plaintiff in error." The two questions to which the defendant complained were as follows: "* * * During your marriage to Mr. Vaughn, was your life ever threatened?" and "* * * after your divorce from Mr. Vaughn, was your life ever threatened?" (Tr. 183–184) Defendant timely objected to both questions and the objections were sustained by the trial court. We are of the opinion that the questions propounded by the prosecuting attorney were competent as tending to show the defendant's motive.

 The third proposition asserts that the prosecuting attorney made an improper closing argument. Defendant argues that the prosecuting attorney's use of the term "assassination" on two occasions in his closing argument was a willful intention by the State to bias, prejudice and inflame the minds of the jury. We are of the opinion that the prosecuting attorney's closing argument was well within the rule enumerated in Pickens v. State, Okl.Cr., 450 P.2d 837, citing with approval Valenti v. State, Okl.Cr., 392 P.2d 59, wherein this court held in the third syllabus:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the State and defendant have a right to discuss fully from their standpoint the evidence, and the inferences and deductions arising therefrom."

 The final proposition contends that "a written question submitted by the jury to the trial court and answered by the trial court, was confusing and answer given inferred the maximum sentence." The Record reflects the jury submitted the following written questions to the trial court: "Do we the jury set the number of years of sentence" [Answer: "Yes."] and, "What is the minimum which can be pronounced in the case as charged? In re Instruction Number 6." [Answer: "If found guilty as charged beyond a reasonable doubt under the law and the evidence, the minimum sentence is not limited. It could be as much as twenty years or any number of days or years less than twenty years. The minimum could be any number of days or years less than the maximum of twenty years."] (Tr. 263) The Record does not reflect that the defendant objected to the additional instruction nor did he offer to the court additional requested instructions. We have previously held that where counsel is not satisfied with instructions that are given or desire the court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the

court such desired instruction and request that it be given. In an absence of such request, the Court of Criminal Appeals will not reverse the case if the instructions generally cover subject matter of inquiry. Schapansky v. State, Okl.Cr., 478 P.2d 912. We, therefore, find this proposition to be without merit.

In conclusion we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, and BRETT, JJ., concur.