Melvin JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15424.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1970.

D. G. Hart and Larry B. Lucas, Poteau, court-appointed, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an appeal from the District Court of LeFlore County, Oklahoma, in which Plaintiff in Error, Melvin Jones, hereafter referred to as defendant, was convicted on four separate criminal charges of obtaining cash and merchandise by bogus checks, to-wit: CRF–69–28; CRF–69–44; CRF–69–29 and CRF–69–45. Each check was issued by defendant in the sum of $115.25. Defendant was represented at all stages of the proceedings by court appointed counsel. At his arraignment on April 18, 1969, he entered a Plea of Not Guilty and bail was set in the amount of $1,500 on each charge. Defendant was unable to post bond and was remanded to the custody of the county sheriff. His preliminary examination was set for May 14, 1969; however, on April 18, 1969, with his court appointed counsel being present, defendant waived his preliminary hearing and withdrew his plea of not guilty in each case, and entered a plea of guilty.

At the time defendant waived his preliminary examination Special Judge Reidy stepped down from the bench; in his place Associate District Judge Pate assumed the bench as trial judge, and proceeded to re-examine defendant concerning his condition of indigency. Upon being satisfied that defendant was an indigent person, Judge Pate immediately re-appointed the same two attorneys to represent the defendant and, over defendant's objections, the court set the date for sentencing to May, 1969. Defense counsel requested that the sentencing be done immediately, but the trial judge refused defendant's request stating that he would not sentence defendant until he obtained a pre-sentence investigation report from the Department of Corrections. After receiving the pre-sentence investigation, the court sentenced defendant to serve five years imprisonment on each charge, and provided that the sentences would run consecutively.

Following the imposition of judgment and sentence, defense counsel attempted to withdraw defendant's pleas of guilty and to substitute his former pleas of not guilty, for the reasons that the district attorney failed to carry forward his part of the plea-bargaining agreement. But the court refused to permit the pleas to be withdrawn. [See: Perrier v. State, Okl.Cr., 420 P.2d 920 (1966), for authority to withdraw plea of guilty.]

It is now asserted that what might have been a voluntary plea became an involuntary plea of guilty and thus assumes the position of being one indirectly induced, because of the district attorney's failure to carry forward the terms of the plea-bargaining agreement.

After the trial court imposed judgment and sentence, defense counsel filed numerous motions, to-wit: Motion Against Rendition of Judgment; Motion in Arrest of Judgment; Motion to Mitigate Judgment; Motion to Vacate Judgment and Sentence; and Motion for a New Trial, all of which

were overruled at the conclusion of the court's hearing, thereafter defendant's court appointed counsel brought this appeal on the four convictions.

■ Defendant argues his appeal under eight propositions, but it will not be necessary to discuss each of these propositions, so we will first discuss whether or not defendant's plea was voluntary. Defendant asserts that his change of plea resulted from plea bargaining, wherein the district attorney agreed to recommend that defendant be assessed a five year sentence on each charge, with the provision that the sentences would run *concurrently*. One condition for the defendant to meet was that he commit restitution to the injured parties. The record reflects that most, if not all, injured parties were repaid. Defendant also sets forth that at no time did the district attorney make any recommendation to the trial judge concerning his sentence; and that he thereby violated the agreement which caused his pleas to become "involuntary" as thereby being indirectly coerced. In support of this contention, defendant cites numerous cases both federal and state. We believe defendant is correct in this contention.

■ Defendant also complains that it was improper for the trial judge to have used the former convictions in Arkansas and Michigan for the purpose of enhancing his punishment, in that they were taken from the pre-sentence report which was never offered to defendant for examination or explanation; nor were the records of judgment and sentence introduced to support the facts of former convictions. It was not until after the imposition of judgment and sentence at the special hearing on defendant's motions that defendant had an opportunity to explain the alleged convictions. At that hearing defendant testified that at none of his former trials did he have an attorney and that in each of them he was denied due process of law. The records before this Court fail to reflect anything which refutes defendant's contentions so we must presume his testimony to be cor-

rect. If the court intended to refer to defendant's former convictions for the purpose of enhancing punishment, the records of judgment and sentence should have been introduced to support the contention of former conviction. We observe also that the informations did not allege former convictions, likewise, the records of judgment and sentence might have reflected whether or not defendant had counsel at his trials which would have refuted defendant's contentions. But for the court to consider the pre-sentence report alone to support the fact of former convictions, as was done in this case, was nothing short of accepting hearsay evidence. The fact that the defendant admitted the convictions—when he offered his explanations—is not sufficient to correct the misapplication of the facts at the time judgment and sentence was imposed. The pre-sentence report is not before this Court so we are unable to ascertain whether or not the records of judgment and sentence were attached to support the allegations shown therein. We therefore hold it was improper for the trial court to have considered the specifications of former conviction set forth in the pre-sentence report alone for the purpose of enhancing punishment as was done in defendant's trial. See: Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

■ Defendant also complains that he was not provided a copy of the pre-sentence report, nor permitted an opportunity to review the report prior to his being sentenced, in order that he might offer an explanation of any prejudicial matters contained therein. We observe that 22 O.S.Supp.1967, § 982, with reference to the pre-sentence report, provides: " * * * a copy of such report *to be given to the defendant* and district attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. * * * " Had the trial court followed that portion of the statute, it is possible that any additional information required to refute defendant's contention of not having an attorney might have been obtained by the district attorney, but such was not done in this case.

We are of the opinion that when the pre-sentence report contains facts which might be prejudicial to the defendant and affect the sentence to be imposed upon him, he should be provided a copy of the report in order that any proper explanations might be offered. We cite with approval State v. Kunz, 259 A.2d 895, 55 N.J. 128, wherein the Supreme Court of New Jersey provided the following:

"Defendant is entitled to disclosure and examination of the pre-sentence report and must be given an opportunity to be heard on those items in the report which a court would consider in determining the sentence it will impose. This is a matter, not a constitutional compulsion, but of 'rudimentary fairness.'"

█ Therefore, after considering carefully the records before the Court, we are of the opinion that justice will best be served if defendant's judgments and sentences are modified herein; and insofar as the result of the sentences imposed by the trial court in assessing the judgments and sentences to run consecutively, cause the same to be excessive.

It is therefore ordered that the district court order pertaining to the judgments and sentences imposed in cases: CRF–69–28; CRF–69–29; CRF–69–44 and CRF–69–45 by the District Court of LeFlore County, Oklahoma, shall be modified to provide that said sentences shall run concurrently each to the other; and as modified the judgments and sentences are affirmed.

It is the further order of this Court that the Director of the Department of Corrections and that the Warden of the State Penitentiary shall correct the records concerning the defendant herein, Melvin Jones, in accordance with this decision.

NIX, J., concurs.

BUSSEY, J., did not participate.