William Howard **NOLAND, Jr.,**
Plaintiff in Error,

v.

The **STATE of Oklahoma,** Defend-
ant in Error.

No. A–16324.

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Dick Miller, II, Poteau, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

SIMMS, Judge:

William Howard Noland, Jr., hereinafter referred to as defendant, is here on an appeal after granting a writ of certiorari from the District Court of LeFlore County, Oklahoma, praying for an order of this Court reversing his judgment and sentence on a guilty plea and reassignment of the remanded case.

Defendant, on the 10th day of March, 1970, appeared in person and with competent legal counsel before the Honorable Pat Pate, Associate District Judge of LeFlore County, and entered a plea of guilty in two cases: Second Degree Burglary in the instant case, and Larceny of an Auto in a companion case. A third charge, also Larceny of an Auto, was dismissed prior to the pleas.

The cases came on for sentencing on the 5th day of May, 1970, at which time the court ordered postponement of the sentencing in order to allow time for a new legislative enactment providing the court with the authority to suspend a portion of sentences to become effective and recognized the defendant back on August 14, 1970.

The record reflects that on August 14, 1970, the court advised the defendant his regular attorney was out of the state and other counsel would "stand in." Defendant was then asked if he had any statements to make prior to the imposition of sentence and whether he had received or been shown a copy of the Department of Corrections Pre-Sentence Investigation and Report. Defendant replied in the negative to both questions. The court then proceeded to impose a three (3) year term in the Larceny of an Auto case, suspending all but ninety (90) days of the time,

and imposed a two (2) year term in the instant case.

The transcript of the sentencing does not reflect that the defendant was ever given an opportunity to examine the Pre-Sentence Investigation and Report.

Defendant sought, and was granted, this appeal by writ of certiorari when his employed counsel returned some 17 days later and learned of the sentencing.

■ Defendant contends the sentencing judge abused his judicial discretion in proceeding in the absence of regular counsel and in so doing denied the defendant his right to effective counsel.

We cannot agree there was any such abuse or that the facts reflect a denial of effective counsel; however, it is clear from the record that the proceedings had were contrary to statute and caselaw in Oklahoma, inasmuch as the defendant was not provided with a copy of the Pre-Sentence Investigation and Report as provided in 22 O.S., § 982:

> "Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, but not be limited to, the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent. Within thirty (30) days from the date this request is made by the court, or within such extended time as the court may allow, the Pardon and Parole Board shall make a written report to the court, *a copy of such report to be given to the defendant* and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, which shall run from the date of the plea of guilty, or conviction." (emphasis added)

See, also, this Court's decision in Jones v. State, Okl.Cr., 477 P.2d 85 (1970) which deals with a similar fact situation.

In view of the foregoing and in order that substantial justice be done, it is the order of this Court that the judgments and sentences heretofore entered in Case No.'s CRF–69–129 and CRF–69–130 be, and the same are hereby vacated, set aside, and held for naught.

Defendant is directed to appear before a different assigned trial judge within Ten (10) Days following the date of issuance of mandate from this Court for a sentencing in accordance with this opinion, at which time defendant should be represented by counsel of his choosing and he should also be provided with a copy of the Pre-Sentence Investigation and Report that he might have the opportunity to rebut or refute that which he feels is false or inaccurate.

This cause is reversed and remanded with instructions.

BUSSEY, P. J., and BRETT, J., concur.