Donnie Wayne OWENS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16325.

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Dick Miller, II, Poteau, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

SIMMS, Judge:

Donnie Wayne Owens, hereinafter referred to as defendant, is here on an appeal after granting writ of certiorari from the District Court of LeFlore County, Oklahoma, praying an order of this Court reversing and vacating his judgment and sentence on a guilty plea and reassignment of the remanded case to another trial judge.

Defendant was charged in Case No. CRF–69–64 with the crime of First Degree Manslaughter; and did on the ninth day of March, 1970, while represented by competent, employed counsel, tender what the record reflects to be an informed, intelligent, and voluntary plea of guilty to the information as charged before Associate District Judge Pat Pate. At that time, the court requested a Pre-Sentence Investigation and Report prior to sentencing, indicating that the defendant would be provided with a copy of that report prior to sentencing, and that it would be the responsibility and duty of the defendant to correct any errors in the report or provide any sort of testimony or evidence in mitigation of punishment, and thereafter set the sentencing date for May 5, 1970. The defendant, at that time, was represented by Dick Miller, II.

On the fifth day of May, 1970, the defendant appeared in person, and by his attorney, Mr. Miller, and the matter of sentencing was passed until the 28th day of July, 1970, apparently to allow time for a new legislative enactment providing the court with the authority to suspend a portion of the sentence to become effective. On the 28th day of July, 1970, the court having been advised that Mr. Miller was ill, the matter of sentencing was passed until August 14, 1970. On August 14, 1970, neither the defendant nor his attorney

were present, and the defendant's bond was ordered forfeited and a bench warrant was issued. At that time, Mr. William D. Mobley, who was standing in for Mr. Miller, objected to the bond forfeiture and the issuance of a bench warrant, indicating he did not feel that the defendant had received proper notice of the August 14th hearing. Three days later, on the 17th, the defendant appeared in person and represented by Mr. Mobley. The defendant informed the court that his attorney, Mr. Miller, had advised him that he was not required to attend on that particular day, and that was the reason why he was not present. The court accepted the explanation and recalled the bench warrant and ordered the bond forfeiture set aside.

The court then proceeded with the matter of sentencing, and the record reflects that the court had in its possession a copy of the Pre-Sentence Investigation and Report. The court stated: "There was not anything derogatory as to your character and reputation. I assume the attorney has shown you a copy of it." The only record made at that time was an objection on behalf of Mr. Mobley, who stated that he felt the defendant should not be sentenced in the absence of Mr. Miller, and asked the court to continue the sentencing to a future date, which motion was overruled and an exception allowed. The court then sentenced the defendant to a term of Four (4) Years in the State Penitentiary.

The transcript of the sentencing does not reflect that the defendant was ever given an opportunity to examine the Pre-Sentence Investigation and Report.

Defendant sought, and was granted, this appeal on a writ of certiorari, when his employed counsel, Mr. Miller, returned home two weeks later and learned of the sentencing. Defendant contends in the first specification of error that the Associate District Judge presiding at the case abused his judicial discretion in denying the defendant his right to effective counsel

at the time of sentencing by proceeding in the absence of his regular attorney.

 We cannot agree that there was any such abuse, or that the facts reflect a denial of effective counsel; however, it is clear from the record that the proceedings had were contrary to statute and caselaw in Oklahoma, inasmuch as the defendant was not provided with a copy of the Pre-Sentence Investigation and Report, as provided in 22 O.S., § 982, and also, that the defendant was not actually afforded the "evidentiary hearing" which the judge indicated would be had at the time of sentencing.

"Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, but not be limited to, the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent. Within thirty (30) days from the date this request is made by the court, or within such extended time as the court may allow, the Pardon and Parole Board shall make a written report to the court, *a copy of such report to be given to the defendant* and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, which shall run from the date of the plea of guilty, or conviction." (emphasis added) 22 O.S., § 982.

See, also, this Court's decision in Jones v. State, Okl.Cr., 477 P.2d 85 (1970), which deals with a similar fact situation before the same court and the same judge.

 Defendant cites as his second proposition of error that the statute under

which the defendant was sentenced had been repealed by implication at the time the judgment and sentence appealed from was rendered, and that such judgment was, therefore, void.

This contention is without merit, inasmuch as the defendant, at a time when he was represented by his regular attorney, entered a free, voluntary, intelligent and informed plea of guilty to the information as charged, which was that he effected the death of another with an automobile while under the influence of intoxicating liquor, thereby waiving any objection he had at that time to any infirmities in the statute. We should also like to point out that this particular point was covered squarely in the case of White v. State, Okl.Cr., 483 P. 2d 751 (1971), wherein this Court held that the driver's condition of intoxication takes the offense of homicide, resulting from an automobile accident, out of the definition of "negligent homicide," and a conviction for manslaughter under 21 O.S., § 711, will be sustained.

In view of the foregoing, and in order that substantial justice be done, it is the order of this Court that the judgment and sentence heretofore entered in Case No. CRF–69–64, be, and the same is hereby vacated, set aside, and held for naught.

Defendant is directed to appear before a different assigned trial judge within ten (10) days following the date of issuance of mandate from this Court for a sentencing date in accordance with this opinion, at which time, the defendant should be represented by counsel of his choosing, and he should also be provided with a copy of the Pre-Sentence Investigation and Report that he might have the opportunity to rebut or refute that which he feels is false or inaccurate.

This cause is reversed and remanded with instructions.

BUSSEY, P. J., and BRETT, J., concur.