**Eddie Wayne DEER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17930.**

Court of Criminal Appeals of Oklahoma.

April 26, 1973.

Marshall Huser, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge.

Eddie Wayne Deer, hereinafter referred to as defendant, is here on an appeal after granting Writ of Certiorari from the District Court of Oklahoma County, Oklahoma, Case No. CRF–72–1653.

On October 25, 1972, the defendant entered a plea of guilty to the charge of Burglary, Second Degree. The record reflects that the defendant was represented by competent counsel, and entered an informed, intelligent, and voluntary plea of guilty. At this time the District Judge ordered a Pre-Sentence Investigation and Report and set formal sentencing for November 27, 1972. Sentencing was passed until December 1, 1972, at which time the District Judge offered in evidence the Pre-Sentence Investigation and Report and sentenced the defendant to two (2) years in the State Penitentiary.

The defendant contends that he was not given a copy of the Pre-Sentence Investigation and Report prior to his sentencing and alleges this was error.

The transcript of the sentencing does not reflect that the defendant was ever given a copy of the Pre-Sentencing Investigation and Report. It appears from the record that the first time the defendant saw the report was when the District Judge offered it in evidence.

Title 22 O.S.1971 § 982 states:

"Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody

of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, but not be limited to, the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent. Within thirty (30) days from the date this request is made by the court, or within such extended time as the court may allow, the Pardon and Parole Board shall make a written report to the court, *a copy of such report to be given to the defendant* and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, which shall run from the date of the plea of guilty, or conviction." (Emphasis added)

Also, see Noland v. State, Okl.Cr., 495 P. 2d 416 (1972) and Owens v. State, Okl.Cr., 495 P.2d 417 (1972).

In view of the fact that defendant was not given a copy of the Pre-Sentence Investigation Report as required by 22 O.S. 1971 § 982, it is the order of this Court that the judgment and sentence entered in Case No. CRF–72–1653 be, and the same is hereby vacated, set aside, and held for naught.

The Presiding Judge of the Canadian-Oklahoma County Administrative Judicial District is directed to assign this matter before a different trial judge within ten (10) days following the date of issuance of mandate from this Court for a sentencing date, at which time, the defendant should be represented by counsel of his choosing, and he should be provided with a copy of the Pre-Sentence Investigation and Report in order that he might have the opportunity to rebut or refute that which he feels is false or inaccurate.

This cause is reversed and remanded with instructions.

BUSSEY and TOM BRETT, JJ., concur.