Rudy Cristobil **JIMENEZ**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17754.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

James W. Bill, Berry, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Rudy Cristobil Jimenez, hereinafter referred to as defendant, was

charged and entered a plea of guilty in the District Court of Oklahoma County, Case No. CRF–72–293, for the offense of Burglary in the Second Degree, his punishment was fixed at three (3) years imprisonment, and from said judgment and sentence the defendant has filed a timely Petition for Writ of Certiorari, which was granted on September 25, 1972.

As the judgment and sentence entered in this cause must be vacated, we will discuss only one proposition asserted by the defendant. Under this proposition the defendant contends that he was not given a copy of the Presentence Investigation and Report prior to the date judgment and sentence was pronounced.

Title 22 O.S.1971, § 982 states:

"Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, but not be limited to, the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent. Within thirty (30) days from the date this request is made by the court, or within such extended time as the court may allow, the Pardon and Parole Board shall make a written report to the court, *a copy of such report to be given to the defendant* and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, which shall run from the date of the plea of guilty, or conviction."

Also see Noland v. State, Okl.Cr., 495 P.2d 416 and Owens v. State, Okl.Cr., 495 P.2d 417.

After a careful review of the record, we are in agreement with the Attorney General's statement in his brief where it is stated that the transcript of this case is quite unclear whether or not a copy of the Presentence Investigation and Report was ever furnished to the defendant prior to the time of the sentencing.

Therefore in the interest of justice we believe the judgment and sentence entered in Case No. CRF–72–293 should be vacated, set aside, and held for naught.

The presiding judge of the Criminal Division of the Seventh Judicial District is directed to assign this matter before a different trial judge within ten (10) days following the date of issuance of mandate from this Court for a sentencing date, at which time the defendant should be represented by counsel of his choosing, and he should be provided with a copy of the Presentence Investigation and Report in order that he might have the opportunity to rebutt or refute that which he feels is false or inaccurate.

Reversed and remanded with instructions.

BUSSEY and BRETT, JJ., concur.