Joe TURMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–390.

Court of Criminal Appeals of Oklahoma.

April 24, 1974.

Jack E. Rider, Stilwell, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Joe Turman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Adair County, Case No. CRF-72-51, for the crime of Larceny of Domestic Animals and was sentenced to a term of three (3) years imprisonment; from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts are that on May 30, 1972, Mr. Wayne Faddis had fourteen (14) Holstein calves which were kept in a 25 acre fenced pasture. At approximately 4:00 p. m. the animals were fed and all were present within the fenced pasture. The next morning Mr. Faddis noticed the gate to said pasture was open and two of the cattle were gone. After an investigation of the pasture, it was determined that a heifer and a steer were missing. A search was made of the neighborhood and inquiry was made of neighbors as to any information that they might be able to contribute. On June 1st, the Sheriff was notified of the alleged theft. The Sheriff made an investigation of the scene, noticing the tracks and also bark peeled back on some small saplings which indicated the calves had been tied to the small trees on the wooded embankment and then loaded into a pickup truck.

Mr. Jim Bieter, employed by the Cattlemen's Association, was notified for assistance in the investigation. His investigation led the search to a pasture in southeast Oklahoma City to a pasture owned by Sam Pierce. Mr. Pierce had purchased a steer and heifer on June 2, 1972, from the defendant for Three Hundred ($300.00) Dollars. In front of Mr. Pierce, Mr. Bieter, and the Sheriff, Mr. Faddis identified a heifer calf at Mr. Pierce's farm as belonging to him. After the calf was identified, the defendant was arrested and transported to Stilwell. During the drive back to Stilwell, Sheriff Harlin stated that the defendant had said that he had purchased the calf from a person named "Jim" near Mr. Faddis' place and had paid $75.00 for each animal. (Tr. 127, 128). On July 20, 1972, Mr. Faddis and his family drove to Oklahoma City where the "stolen" calf was comingled with similar Holsteins to be identified by the members of the Faddis family. The "stolen" calf was correctly chosen by the whole family.

The defendant introduced five witnesses to provide an alibi for the evening of May 30th and the early morning of May 31st.

■ As his first proposition, the defendant complains that remarks about the custody of the "stolen" animal were prejudicial. As to this proposition we need only observe that only those questions which were raised in the trial court, and on which adverse rulings were made and which were then incorporated in the Motion for New Trial and assigned as error in the Petition, will be considered upon appeal. Logan v. State, Okl.Cr., 493 P.2d 842 (1972); Pierce v. State, Okl.Cr., 491 P.2d 335 (1971). We further observe, from the record, that even though the defendant did object at trial and except thereto, he neither argued the alleged error in his Motion for New Trial, or referred to this remark in his Petition in Error.

■ As the second assignment of error, the defendant alleges failure to prove taking and carrying away of stolen property which are essential elements of the crime of Larceny of Domestic Animals. At the outset we would observe that the mere possession of missing property is not sufficient to convict the defendant of larceny, but when such a fact is supplemented with substantial facts inconsistent with the idea that said defendant obtained the goods in an honest manner, it then becomes a question of fact for the jury to pass upon. Jones v. State, Okl.Cr., 468 P.2d 805 (1970). This means that although there may be a lack of eyewitness proof that the defendant took the calves in question, guilt may be proved through the use of circumstantial evidence. In the instant case the defendant was seen in the area of the Faddis ranch two days before the calves turned up missing; tracks were found in the field where the calves had been kept; the calf recovered from Sam Pierce had been purchased from the defendant; the defendant admitted possession, but claimed he had obtained them from someone named "Jim"; witness Knighten testified he had seen the "missing" calves in the defendant's possession for approximately three weeks. Where there is competent evidence in the record from which the jury may reasonably and logically find the defendant

guilty, the weight, credibility and probative value of such evidence is for the jury and not within the province of the Court of Criminal Appeals. See Roberts v. State, Okl.Cr., 479 P.2d 623 (1971); Box v. State, Okl.Cr., 505 P.2d 995 (1973); Kirk v. State, Okl.Cr., 498 P.2d 412 (1972).

■ The defendant's third proposition of error asserts prejudice as a result of an evidentiary harpoon. The Court would agree that when the State's witness stated: "Gain in trying to locate Mr. Faddis' animals and some other livestock that had been reported stolen," (Tr. 188), that such statement was an evidentiary harpoon, but would observe that the defendant must not only object to improper statements of a witness, but must go further and move the court to exclude such remarks from the jury's consideration, and instruct the jury not to consider said remark, unless such remark is of such character that error could not be cured by withdrawal of the remark. Box v. State, supra; Valenti v. State, Okl.Cr., 392 P.2d 59 (1964); McMahan v. State, Okl.Cr., 354 P.2d 476 (1960). We would further note that such statement seems to have been inadvertently made, without the intent of prejudicing the jury. In the case of Holt v. State, Okl.Cr., 506 P.2d 561 (1973), Judge Bliss correctly stated, at page 567, that: "The only available source of determining whether or not the jury was prejudiced by such a statement is the jury's verdict and the reasonableness of the punishment imposed therein." In view of the overwhelming circumstantial evidence against the defendant, and the minimum sentence imposed upon him, we feel that there is no manifestation of prejudice in the jury's verdict as a result of this unresponsive and unintentional remark of the witness.

■ Further, the defendant alleges error in the court's "failure to properly instruct the jury on fundamental issues and refusal to give defendant's proffered instruction." It is a well settled rule in Oklahoma that the instructions given to the jury are left to the discretion of the judge, and that such discretion will not be

interfered with as long as the instructions, considered as a whole, fairly and correctly state the applicable law. Barber v. State, Okl.Cr., 388 P.2d 320 (1963); Bradshaw v. State, Okl.Cr., 510 P.2d 972 (1973). In the instant case we have carefully reviewed the case in conjunction with all the instructions given by the trial court, and believe they fairly and fully present the issues involved in the instant case. We, therefore, find no merit in this proposition of error.

 The defendant's final proposition asserts that error was committed by the trial court by summarily sentencing the defendant without providing him a copy of the presentencing report, and affording him an evidentiary hearing for the sole reason that a report had not arrived there yet. At the outset we would observe that the statute is not written in language that would make such investigation mandatory, e. g. "Where the court desires more information, it may . . . request the Department of Pardon and Parole . . . to make a study of the defendant." 22 O.S.1971, § 982. As pointed out in Kuerschner v. State, Okl.Cr., 493 P.2d 1402 (1972), where the court *wishes* further information before imposing a sentence upon the defendant, it may request a presentence investigation under the statute, but the statute does not require that the court use such a report if received. The only statutory requirement being that if the report is relied upon for sentencing purposes, then the defendant and District Attorney both be given copies. The purpose of the statute is obvious, that is, to give the defendant an opportunity to review the report prior to his being sentenced, in order that he might offer an explanation of any prejudicial or erroneous information contained therein. Jones v. State, Okl.Cr., 477 P.2d 85 (1970). See also, this Court's decision in Noland v. State, Okl.Cr., 495 P.2d 416 (1972) and Owens v. State, Okl.Cr., 495 P.2d 417 (1972). As the presentence report was not used in the instant case, we find no merit to this proposition.

Having answered all of defendant's propositions of error, and finding no error which would justify modification or reversal, the judgment and sentence is accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.