**J. B. "Bud" EADS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–351.**

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1982.

Gregory Meier, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael L. Bardrick, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

The appellant, J. B. "Bud" Eads, was charged with Murder in the First Degree in Adair County District Court, Case No. CRF–78–81. After trial to a jury, appellant was convicted of Manslaughter in the First Degree in violation of 21 O.S.1971, § 711, and was sentenced to a term of fifteen (15) years' imprisonment.

█ In appellant's brief, error is urged in the trial court's failure to sustain a demurrer to the prosecutor's opening remarks, failure to sustain a demurrer to the State's evidence, admission of an allegedly prejudicial photograph, and improper remarks by the prosecutor in closing argument. We note, however, that only the sufficiency of the evidence is challenged in appellant's motion for new trial and therefore, we confine our review to appellant's second assignment of error. *Turman v. State*, 522 P.2d 247 (Okl.Cr.1974).

Appellant, in his second proposition of error, argues that the evidence was insufficient to show that he acted with malice aforethought when he committed the homicidal act. Therefore, he urges, the appellant's demurrer to the State's case-in-chief should have been sustained.

█ At the outset, we note that evidence was offered by the State tending to show that appellant had shot the victim during a dispute concerning delinquent rent money and then announced that he would do the same thing to other renters who did not pay their rent. From this evidence the jury could determine that appellant acted with malice aforethought and thus, the question was properly left for its resolution. More importantly, however, appellant was not convicted of murder in the first degree but was found guilty of manslaughter in the first degree. Title 21 O.S.1971, § 711, which defines the offense of first degree manslaughter provides in pertinent part that:

Homicide is manslaughter in the first degree in the following cases:

\*   \*   \*   \*   \*   \*

2. When perpetrated *without a design to effect death*, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide. (Emphasis added)

Malice aforethought is clearly not an element of manslaughter in the first degree, and therefore, any error in the trial court's ruling as to the evidence in support of malice aforethought must be viewed as harmless.

█ In passing we note that the jury's verdict of guilty as to the lesser included manslaughter charge finds substantial support in the record. Appellant admitted killing his tenant through the use of a handgun, an inherently dangerous weapon. Further, appellant's testimony, along with that of several other witnesses, tended to show that his actions resulted either from anger with his tenant's refusal to pay rent or from fear caused by his tenant's threats. The jury certainly could have concluded that the homicide occurred in a heat of passion caused by either appellant's fear or his anger. Finally, although appellant contended that he shot his victim in self-defense, the State's evidence reflected that decedent was unarmed and presented no serious threat to appellant. Thus, the jury could properly find that the homicide was not justifiable or excusable.

█ We have often noted that where there is evidence from which the jury might reasonably conclude that the defendant is guilty, we will not reverse their determination. *Renfro v. State*, 607 P.2d 703 (Okl.Cr. 1980). In this instance, competent evidence supported the jury's finding as to each of the statutory elements of the crime of first degree manslaughter. Absent a showing of intent sufficient to elevate the homicide to murder, the jury was warranted in finding appellant guilty of the lesser included offense. We decline to overturn its verdict. Therefore, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.