Alonzo John KELLY, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–538.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1982.

Darrell L. Hogue, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Cr. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in the District Court in Oklahoma County for Unlawful Distribution of Controlled Dangerous Substance, Heroin, Case No. CRF–79–980, the appellant raises three assignments of error.

■ In his first assignment of error appellant argues that the trial court erred when it refused to dismiss the case after the prosecutor failed to state, after reading the information, that the appellant had pled not guilty to the charge, pursuant to 22 O.S.1981, § 831(1). The prosecutor was allowed to reopen and make the required statement. A review of the appellant's motion for new trial reveals that this specific issue was not addressed. Therefore, we will not consider the issue further. *Turman v. State,* 522 P.2d 247 (Okl.Cr.App.1974).

■ Appellant in his second assignment of error asserts that there was insufficient evidence to support the verdict. This contention is likewise without merit. Testimony elicited from the State's witness at trial constituted direct evidence of the defendant's guilt. The first witness, a chemist for the Oklahoma State Bureau of Investigation, testified that he had analyzed the powdery substance contained in a small balloon which had been given him in connection with appellant's case and that it contained heroin. The State's second and last witness, an agent with the Oklahoma Bureau of Narcotics and Dangerous Drugs testified that after being introduced to the appellant by a third party he had personally purchased and obtained the white powdery substance referred to by the chemist from the appellant in exchange for one hundred and fifty dollars. It is clear that a prima facie case was established through competent evidence. Therefore, the jury's verdict will not be disturbed. *Tharps v. State,* 555 P.2d 1054 (Okl.Cr.App.1976).

■ Appellant's final assignment of error centers around his contention that a statement made by a potential juror during voir dire prejudiced the remaining jury panel. However, appellant has failed to preserve this issue for consideration on appeal by specifically excluding the voir dire examination from his designation of record. As this Court noted in *Pierce v. State,* 495 P.2d 407 (Okl.Cr.App.1972):

> It is incumbent upon the defendant in seeking appeal to bring a sufficient record before the court in order to determine the issues raised.

Absent a record of the voir dire we must find appellant's assignment of error predicated thereon to be without merit.

For the above reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J. and CORNISH, J., concur.